UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

        Plaintiff,

v.                                             Case No. 24-C-1413

JASON HILL,

        Defendant.

---

# DECISION AND ORDER

---

      Plaintiff Damien Shontell Hewlett, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim against Defendant Corrections Officer Jason Hill based on allegations that Hill refused to give Hewlett his medication on one occasion because Hewlett had submitted inmate complaints complaining about him. *See* Dkt. No. 4. Defendant moved for summary judgment on August 25, 2025. Dkt. No. 13. In a notice and order, the Court reminded Hewlett that under Civil L. R. 56(b)(2) his response materials were due by September 24, 2025. Dkt. No. 20. The Court warned Hewlett that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. On September 18, 2025, at Hewlett's request, the Court extended his deadline to respond to October 24, 2025. Dkt. No. 22. The extended deadline has passed, and Hewlett did not respond to Defendant's summary judgment motion.

      The Court has reviewed Defendant's motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that he is entitled to summary

judgment. *See* Fed. R. Civ. P. 56(e)(3). With regard to Hewlett's Eighth Amendment claim, the Court finds that no jury could reasonably conclude that Defendant was deliberately indifferent to Hewlett's medical condition or that Hewlett suffered any harm from missing one dose of his medication. Specifically, the undisputed facts show that, although he does not remember this specific interaction with Hewlett, Defendant asserts that the only time he does not give an inmate his medication is if the inmate refuses to accept it, which, absent a court order, inmates are free to do. The undisputed facts also show that Hewlett repeatedly refused to take this medication and shortly after his interaction with Hill he reported to his provider that the medication was not working and was making his condition worse, at which time his prescription for the medication was canceled. Dkt. No. 15 at ¶¶10-11, 14-15, 28. Accordingly, based on the proposed findings of fact submitted by Defendant and deemed true as a result of Hewlett's failure to respond, no jury could reasonably conclude that Defendant refused to give Hewlett his medication or, even if he did, that Hewlett was harmed from missing a single dose of the medication. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages."). Defendant is therefore entitled to summary judgment on this claim.

As to Hewlett's First Amendment retaliation claim, to survive summary judgment, Hewlett was required to provide evidence showing that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Hewlett fails to satisfy the third prong of this standard because, according to the undisputed facts, Defendant was never informed that Hewlett had filed inmate complaints and lawsuits against him. Dkt. No. 15 at ¶¶37-38, 51.

Moreover, Defendant explains that inmates have the right to file inmate complaints and these inmate complaints never impact how he interacts with the inmates who file them. *Id.* at ¶35. Based on this record, no jury could reasonably conclude that Hewlett's protected activity motivated Defendant's actions. Defendant is therefore entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 13) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 31st day of October, 2025.

_____
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.